## Luria Steel and Trading Corp. v. Goldberg

554

..*W. Hensel Brown* and *Fred I. Noch*, for plaintiff.

*Marshall M. Cohen* and *Clarence P. Mendelsohn*, for defendant.

SCHAEFFER, P. J., April 6, 1950.—In this case plaintiff has filed preliminary objections to defendant's new matter and counterclaim.

It is averred in plaintiff's complaint that plaintiff is engaged in the scrap metal brokerage business and that defendant is engaged in the scrap business. Plaintiff claims from defendant $5,558.03, being the excess of cash advanced by plaintiff to defendant over the amount of scrap metal received by it from defendant as fully shown by exhibit A taken from its books of original entry. Defendant filed an answer setting forth new matter and a counterclaim. Defendant admits the advancements claimed by plaintiff but denies any liability and avers, on the other hand, that plaintiff is indebted to defendant in the sum of $1,360.05. This counterclaim is based, inter alia, upon the following allegations:

"(8) Under date of October 9, 1948, the Plaintiff sent the Defendant an order for one hundred twenty gross tons of Cupola Cast to be delivered to the Reading Gray Iron Castings Company, Reading, Pa., at a price of Seventy Dollars per gross ton, a copy of this order is hereto attached, incorporated herein, and marked 'Exhibit A.' The Defendant relying upon this order purchased this material in the open market and was able to deliver this material as per order which he had accepted. (9) That without any legal reason, the

Plaintiff rescinded this order and the Defendant was compelled to sell this material at a loss of $5,303.01."

In exhibit B attached to defendant's answer are set forth the purchasers, quantities, dates and amounts on the resale. Likewise, it is averred that on December 10, 1948, plaintiff sent defendant two separate orders totalling 80 gross tons of cast scrap to be delivered to the Sanitary Company of America, one plant of which was located at East Greenville, Pa., and the other at Linfield, Pa., at a price of $61 per gross ton and that defendant, relying on this order, purchased the material in the open market and began delivering the same and that plaintiff rescinded this order after defendant had delivered 11.2634 gross tons, whereby defendant was compelled to sell the undelivered portion, or 68.7366 gross tons, at a loss of $1,615.06.

Plaintiff has filed preliminary objections for a more specific answer setting forth 13 reasons and two additional reasons why the pleading should not be stricken off.

These reasons involve primarily the failure of defendant to set forth in detail in his counterclaim his alleged purchases, the prevailing market prices on the alleged forced sales of the material, and the failure of defendant to aver that the data set forth in the exhibits is taken from his books of original entry.

A counterclaim is regarded as defendant's statement of claim or complaint and must contain all the ingredients of a cause of action. Rule 1019(a) of the Pennsylvania Rules of Civil Procedure requires a statement of "the material facts" in a "concise and summary form". This rule is more liberal than section 5 of the Practice Act of May 14, 1915. It eliminated the words "evidence", "inferences" and "conclusion of law", as well as the words "shall contain, and contain only". As stated in Goodrich-Amram Civil Practice, §1019(a)-1, page 87: "The removal of the emphasis

gives the court considerably more flexibility in construing the pleading." In American Full Fashioned Hosiery Mills, Inc., v. Smith et al., 47 Lanc. 356, it was decided what constitutes a proper statement depends largely on the facts and circumstances of each particular case. A general requirement is that plaintiff in his statement disclose for the information of defendant the essential facts to enable defendant to make a proper defense.

Ordinarily, in a sale of specified personal property for a stipulated price it is immaterial where, when, from whom and at what price the seller bought it. However, in the instant case plaintiff advanced moneys to defendant to purchase scrap metal to be delivered by defendant to other parties at a definitely fixed price within a designated time. In defendant's counterclaim it is expressly averred that defendant, relying upon the orders received from plaintiff, purchased the particular material in the open market which he was obliged to resell at a loss due to plaintiff's unwarranted cancellation of the orders. Under this pleading by defendant the purchase and resale are material and are an ultimate fact to be proven at the trial. While it is not necessary to set forth evidence to sustain allegations sufficiently pleaded, nevertheless, the other party is entitled to sufficient information of such facts as will enable it to file a proper answer. Plaintiff intimated at the argument that no such purchases were made and its defense would be to that effect.

Under the particular facts and circumstances of this case the court concludes that defendant should set forth in his counterclaim when and from whom he purchased the particular material in controversy. The price defendant paid therefor is not material and need not be pleaded.

The counterclaim is not based upon a book account. The other matters complained of by plaintiff in the preliminary objections are without merit.

And now, April 6, 1950, the court sustains plaintiff's preliminary objections nos. 1, 2, 3, 6, 7 and 8 to defendant's new matter and counterclaim and dismisses the remaining preliminary objections. Defendant is allowed 20 days to file an amended answer containing new matter and counterclaim.